**BENDAU & BENDAU PLLC**
Clifford P. Bendau, II (030204)
Christopher J. Bendau (032981)
P.O. Box 97066
Phoenix, Arizona 85060
Telephone: (480) 382-5176
Facsimile: (480) 304-3805
Email: cliffordbendau@bendaulaw.com
          chris@bendaulaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| **Keith Ubrig**, | No. |
| Plaintiff, | |
| vs. | **VERIFIED COMPLAINT** |
| **London Auto Werks, LLC**, an Arizona limited liability company, **Jason London and Jane Doe London**, a married couple, and **Heidi London and John Doe London**, | |
| Defendants. | |

Plaintiff, Keith Ubrig ("Plaintiff" or "Keith Ubrig"), sues the Defendants, London Auto Werks, LLC, Jason London and Jane Doe London, and Heidi London and John Doe London, ("Defendants" or "London Auto Werks") and alleges as follows:

**PRELIMINARY STATEMENT**

1.    This is an action for unpaid minimum wages, liquidated damages, attorneys' fees, costs, and interest under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.; unpaid minimum wages under the Arizona Minimum Wage Act

-1-

("AMWA"), Arizona Revised Statutes ("A.R.S.") Title 23, Chapter 2, Article 8; and unpaid wages under the Arizona Wage Act ("AWA"), A.R.S. Title 23, Chapter 2, Article 7.

2.    The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Barrentine v. Ark Best Freight Sys. Inc., 450 U.S. 728, 739 (1981).  Under the FLSA, employers must pay all non-exempt employees a minimum wage of pay for all time spent working during their regular 40-hour workweeks.  See 29 U.S.C. § 206(a).  Under the FLSA, employers must pay all non-exempt employees an overtime ate of pay for all time spent working in excess of 40 hours in a given workweek.  See 29 U.S.C. § 207(a).

3.    Plaintiff brings this action against Defendants for their unlawful failure to pay minimum wage in violation of the Fair Labor Standards Act, 29 U.S.C. § 201-219 ("FLSA").

4.    Plaintiff brings this action against Defendants for their unlawful failure to pay minimum wage in violation of the AMWA, A.R.S. § 23-362, et seq.

5.    Plaintiff brings this action against Defendants for their unlawful failure to pay all wages due and owing in violation of the AWA, A.R.S. § 23-350, et seq.

6.    This is an action for unpaid wages, liquidated damages, interest, attorneys' fees, and costs under the FLSA and minimum wages under the AMWA.

7.    The AMWA, A.R.S § 23-363, et seq., establishes a minimum wage within the State of Arizona.

8.    The AWA, A.R.S. § 23-350, et seq., establishes standards for wage payments to employees within the State of Arizona.

### JURISDICTION AND VENUE

9.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq*. because this civil action arises under the Constitution and law of the United States.  This Court also has subject matter jurisdiction pursuant 28 U.S.C. § 1367 because the state law claims asserted herein are so related to claims in this action over which this Court has subject matter jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

10.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff occurred within the District of Arizona, and Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

### PARTIES

11.    At all times material to the matters alleged in this Complaint, Plaintiff was an individual residing in Maricopa County, Arizona, and is a former employee of Defendants.

12.    At all material times, Defendant London Auto Werks, LLC was a limited liability company duly licensed to transact business in the State of Arizona.  At all material times, Defendant London Auto Werks, LLC does business, has offices, and/or maintains agents for the transaction of its customary business in Maricopa County, Arizona.

13.    At all relevant times, Defendant London Auto Werks, LLC owned and operated as "London Auto Werks," an automobile repair mechanic doing business in the Phoenix Metropolitan Area.

14.    Under the FLSA, Defendant London Auto Werks, LLC is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Defendant London Auto Werks, LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants.  As a person who acted in the interest of Defendants in relation to London Auto Werks' employees, Defendant London Auto Werks, LLC is subject to liability under the FLSA.

15.    Defendants Jason London and Jane Doe London are, upon information and belief, husband and wife.  They have caused events to take place giving rise to the claims in this Complaint as to which their marital community is fully liable.  Defendants Jason London and Jane Doe London are owners of London Auto Werks and were at all relevant times Plaintiff's employers as defined by the FLSA, 29 U.S.C. § 203(d).

16.    Under the FLSA, Defendants Jason London and Jane Doe London are employers.  The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Defendants Jason London and Jane Doe London had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment,

-4-

determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants.  As persons who acted in the interest of Defendants in relation to London Auto Werks' employees, Defendants Jason London and Jane Doe London are subject to individual liability under the FLSA.

17.     Defendants Heidi London and John Doe London are, upon information and belief, husband and wife.  They have caused events to take place giving rise to the claims in this Complaint as to which their marital community is fully liable.  Defendants Heidi London and John Doe London are owners of London Auto Werks and were at all relevant times Plaintiff's employers as defined by the FLSA, 29 U.S.C. § 203(d).

18.     Under the FLSA, Defendants Heidi London and John Doe London are employers.  The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Defendants Heidi London and John Doe London had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants.  As persons who acted in the interest of Defendants in relation to London Auto Werks' employees, Defendants Heidi London and John Doe London are subject to individual liability under the FLSA.

19.     Plaintiff is further informed, believes, and therefore alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

20.    Defendants, and each of them, are sued in both their individual and corporate capacities.

21.    Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

22.    At all relevant times, Plaintiff was an "employee" of Defendants as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

23.    The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply to Defendants.

24.    At all relevant times, Defendants were and continue to be "employers" as defined by the FLSA, 29 U.S.C. § 201, *et seq*.

25.    The provisions set forth in the A.R.S. Title 23, Articles 7 and 8 apply to Defendants.

26.    At all relevant times, Plaintiff was an "employee" of Defendants as defined by A.R.S. § 23-362.

27.    At all relevant times, Defendants were and continue to be "employers" of Plaintiff as defined by A.R.S. § 23-362.

28.    Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

29.    On information and belief, Plaintiff, in his work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2022.

30. On information and belief, Plaintiff, in his work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2023.

31. On information and belief, Plaintiff, in his work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2024.

32. At all relevant times, Plaintiff, in his work for Defendants, was engaged in commerce or the production of goods for commerce.

33. At all relevant times, Plaintiff, in his work for Defendants, was engaged in interstate commerce.

34. Plaintiff, in his work for Defendant, regularly handled goods produced or transported in interstate commerce.

## FACTUAL ALLEGATIONS

35. Defendants own and/or operate as London Auto Werks, an automobile repair mechanic that is an enterprise doing business in Maricopa County, Arizona.

36. Plaintiff was hired by and began working for Defendants on approximately April 8, 2024.

37. At all relevant times, Plaintiff worked for Defendants until on or about December 6, 2024.

38. Plaintiff was at all relevant an employee of Defendants, as defined by the FLSA, 29 U.S.C. § 201 et seq.

-7-

39. At all relevant times, in his work for Defendants, Plaintiff worked as an automotive mechanic for Defendants, performing non-exempt work related to repairing automobiles

40. Defendants, in their sole discretion, agreed to pay Plaintiff an hourly rate of $40.

41. Plaintiff, in his work for Defendants, worked approximately 40 hours per week.

42. Beginning in May 2024, Defendants began failing to pay Plaintiff for certain entire workweeks.

43. In total, Defendants did not pay Plaintiff any wage whatsoever for approximately nine workweeks between May 2024 and the end of his employment in December 2024.

44. Specifically, Defendants did not pay Plaintiff any wages whatsoever for the following approximate workweeks:

A. May 20, 2024, through May 26, 2024, which should have been paid on or about May 29, 2024;

B. June 3, 2024, through June 9, 2024, which should have been paid on or about June 12, 2024;

C. July 15, 2024, through July 21, 2024, which should have been paid on or about July 24, 2024;

D. August 5, 2024, through August 11, 2024, which should have been paid on or about August 14, 2024;

E.      September 2, 2024, through September 8, 2024, which should have been paid on or about September 11, 2024;

F.      September 16, 2024, through September 22, 2024, which should have been paid on or about September 25, 2024;

G.      October 21, 2024, through October 27, 2024, which should have been paid on or about October 30, 2024;

H.      November 18, 2024, through November 24, 2024, which should have been paid on or about November 27, 2024;

I.      November 25, 2024, through December 1, 2024, which should have been paid on or about December 4, 2024; and

J.      December 2, 2024, through December 8, 2024, which should have been paid on or about December 11, 2024.

45.     In these approximately 10 workweeks of his employment, Plaintiff worked approximately 400 total hours.

46.     Defendants never paid Plaintiff any wage whatsoever for these approximately 10 workweeks of his employment with them.

47.     On or about December 12, 2024, Plaintiff sent an email to Defendant Jason London, which stated, in part, the following:

> I am writing this email today to formally request that you pay my back wages owed to me.  Per our verbal phone conversation on Friday, December 6, 2024 at 8:58am, you committed to paying me on Monday December 9th which did not happen.  During the conversation I expressed my concern for not being able to pay my mortgage and other financial obligations.  At that time you recommended I look for a new job.  Upon your recommendation I picked up my personal items and no longer work for London Auto Werks as of Friday December 6, 2024.

> After reviewing my paystubs in Gusto and my personal bank account I found I am owed paychecks for 9 (sic.) pay periods which I have listed below. As you know per our agreement, I should be paid for 40 hours each week at $40/hour.
>
> [Lists paychecks as show in Paragraph 44, above]
> I need to receive at a minimum weekly payments of $4,000 gross and be paid in full by 1/8/2025. If not, I will be forced to file a formal complain with the U.S. Department of Labor Wage and Hour Division.
>
> Jason, please know this is not the route that I would like to go but with the situation you have put me in I have no choice. I hope you will make it right.

48.    Defendant Jason London did not respond to the December 12, 2024, email.

49.    Shortly thereafter, on December 12, 2024, Plaintiff sent a text message to Defendant Jason London that stated "I sent an email you need to read it."

50.    Defendant Jason London did not respond to the December 12, 2024, text message.

51.    As a result of failing to pay Plaintiff any wages whatsoever for these approximately 10 workweeks of his employment, Defendants failed to pay earned wages to Plaintiff for work he performed, despite having suffered or permitted Plaintiff to work such time.

52.    As a result of failing to pay Plaintiff any wages whatsoever for these approximately 10 workweeks of his employment with them, Defendants failed to pay the minimum wage to Plaintiff for such time.

53.    To date, Defendants have still paid no wages whatsoever to Plaintiff for such hours worked.

-10-

54. As a result of not having paid any wage whatsoever to Plaintiff for these approximately 10 workweeks of his employment with them, Defendants failed to pay the applicable minimum wage to Plaintiff.

55. As a result of Defendants' failure to compensate Plaintiff any wage whatsoever for such hours worked, Defendants violated 29 U.S.C. § 206(a).

56. As a result of Defendants' failure to compensate Plaintiff any wage whatsoever for such hours worked, Defendants violated the AMWA, A.R.S. § 23-363.

57. As a result of Defendants' failure to compensate Plaintiff any wage whatsoever for such hours worked, Defendants violated the AWA, A.R.S., § 23-351.

58. Defendants refused and/or failed to properly disclose to or apprise Plaintiff of his rights under the FLSA.

59. At all relevant times, Plaintiff was a non-exempt employee.

60. Plaintiff is a covered employee within the meaning of the FLSA.

61. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

62. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid minimum wages, an additional amount equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

63. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, an additional amount equal to twice the

unpaid minimum wages as liquidated damages, interest, and reasonable attorney's fees and costs of this action under A.R.S § 23-363.

64.    Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages at an hourly rate, to be proven at trial, in an amount that is treble the amount of the unpaid wages, plus interest thereon, and costs incurred under A.R.S. § 23-355.

## COUNT ONE: FAIR LABOR STANDARDS ACT
## FAILURE TO PAY MINIMUM WAGE

65.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

66.    As a result of failing to pay Plaintiff any wages whatsoever for these approximately 10 workweeks of his employment with Defendants, Defendants failed or refused to pay Plaintiff the FLSA-mandated minimum wage.

67.    Defendants' practice of failing or refusing to pay Plaintiff at the required minimum wage rate violated the FLSA, 29 U.S.C. § 206(a).

68.    Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Keith Ubrig, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

-12-

A.   For the Court to declare and find that the Defendants violated minimum wage provisions of the FLSA, 29 U.S.C. § 206(a) by failing to pay proper minimum wages;

B.   For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

C.   For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

D.   For the Court to award prejudgment and post-judgment interest;

E.   For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F.   Such other relief as this Court shall deem just and proper.

### COUNT TWO: ARIZONA MINIMUM WAGE ACT
### FAILURE TO PAY MINIMUM WAGE

69.   Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

70.   As a result of failing to pay Plaintiff any wages whatsoever for these approximately 10 workweeks of his employment with Defendants, Defendants failed or refused to pay Plaintiff the Arizona minimum wage.

71.   Defendants' practice of failing or refusing to pay Plaintiff at the required minimum wage rate violated the AMWA, 23-363.

-13-

72.    Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional amount equal to twice the underpaid wages as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Keith Ubrig, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A.    For the Court to declare and find that the Defendants violated minimum wage provisions of the AMWA, A.R.S. § 23-363 by failing to pay proper minimum wages;

B.    For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

C.    For the Court to award compensatory damages, including liquidated damages pursuant to A.R.S. § 23-364, to be determined at trial;

D.    For the Court to award prejudgment and post-judgment interest;

E.    For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to A.R.S. § 23-364 and all other causes of action set forth herein;

F.    Such other relief as this Court shall deem just and proper.

**COUNT THREE: ARIZONA WAGE ACT**
**FAILURE TO PAY WAGES DUE AND OWING**
**DEFENDANTS LONDON AUTO WERKS LLC, ONLY**

73.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

-14-

74. As a result of the allegations contained herein, Defendant London Auto Werks LLC did not compensate Plaintiff wages due and owing to him.

75. Defendant London Auto Werks LLC engaged in such conduct in direct violation of A.R.S. § 23-350.

76. Defendant London Auto Werks LLC acted unreasonably and in bad faith in failing to pay Plaintiff the wages due and owing him.

77. Defendant London Auto Werks LLC sought to delay payment without reasonable justification and to defraud Plaintiff of wages earned.

78. As such, unpaid wages for such time Plaintiff worked are owed to Plaintiff for the 10 workweeks at issue during which he was employed by Defendant London Auto Werks LLC.

79. Plaintiff is therefore entitled to compensation for unpaid wages at an hourly rate, to be proven at trial, in an amount that is treble the amount of the unpaid wages, plus interest thereon, and costs incurred.

**WHEREFORE**, Plaintiff, Keith Ubrig, requests that this Court grant the following relief in Plaintiff's favor, and against Defendant London Auto Werks LLC:

A. For the Court to declare and find that Defendant London Auto Werks LLC violated the unpaid wage provisions of A.R.S. § 23-350, et seq., by failing to pay wages due and owing to Plaintiff;

B. For the Court to award an amount that is treble Plaintiff's unpaid wages pursuant to A.R.S. § 23-355, in amounts to be determined at trial;

-15-

C.      For the Court to award prejudgment and post-judgment interest on any damages awarded;

D.      For the Court to award Plaintiff's reasonable attorneys' fees and costs of the action and all other causes of action set forth in this Complaint; and

E.      Such other relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED this 28th day of February, 2025.

BENDAU & BENDAU PLLC

By: /s/ *Clifford P. Bendau, II*
Clifford P. Bendau, II
Christopher J. Bendau
*Attorneys for Plaintiff*

-16-

**VERIFICATION**

Plaintiff, Keith Ubrig, declares under penalty of perjury that he has read the foregoing Verified Complaint and is familiar with the contents thereof.  The matters asserted therein are true and based on his personal knowledge, except as to those matters stated upon information and belief, and, as to those matters, he believes them to be true.


*Keith Ubrig*
Keith Ubrig (Feb 27, 2025 20:07 MST)
Keith Ubrig

-17-